■ In the Matter of EMERSON UNITRUST et al., Appellants, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Respondent. [791 NYS2d 110]—

Determination of New York City Tax Appeals Tribunal, dated July 28, 2003, which upheld a real property transfer tax deficiency determination, unanimously confirmed, and the petition denied, without costs.

The Tax Appeals Tribunal properly determined that section 11-2101 (7) of the Administrative Code of the City of New York applied to the sale of shares in the cooperative apartment building at issue. Under such authority, the "transfer" of "an economic interest in real property" includes the transfer of "shares of stock in a corporation, . . . whether made by one or several persons, or in one or several related transactions," where such shares constitute a controlling interest in a corporation. It is uncontested that the shares at issue here, sold by petitioners in unquestionably "related transactions," constituted a controlling interest, as that term is defined in section 11-2101 (8).

Contrary to petitioners' contentions, section 11-2102 (b) (2) of the Code does not indicate that shares in cooperative apartments are excluded from the "controlling interest" provision of

section 11-2101 (7), but rather expands the inclusion of shares subject to the real property transfer tax (RPTT) by clarifying that "Notwithstanding the definition of 'controlling interest' . . . or anything to the contrary contained in [section 11-2101 (7)]," transfers of cooperative shares, whether constituting a controlling interest or not, are subject to the RPTT. Furthermore, the sales here were not of "an individual cooperative apartment" under subparagraph (i) of section 11-2102 (b) (1) (B), but were a collective sale of seven cooperative apartments in related transactions (each sale subject to the closing of all the others, and all shares sold to the same purchasers), subject to the RPTT rate under subparagraph (ii). Thus, the Tribunal's determination was supported by substantial evidence (*see Matter of Lakeview Futures v Department of Fin. of City of N.Y.*, 210 AD2d 31 [1994]). Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.